1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEWAYNE PRESLEY,                    No.  2:14-cv-1991 GEB GGH P

12              Petitioner,

13   AMY MILLER,                         ORDER

14              Respondent.

15

16          By order of October 6, 2014, respondent was directed to file a response to the petition

17   within sixty days.  On October 1, 2014, petitioner filed a motion for stay and abeyance.  That

18   motion did not come to the court's attention until after the service order was issued.

19          Petitioner states that all four claims in the current petition are exhausted; however, he is

20   currently exhausting another claim in the state courts which he will later try to add on

21   amendment.

22          The United States Supreme Court has held that a federal district court may not entertain a

23   petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each

24   of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  The exhaustion of state court

25   remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. §

26   2254(b)(1).

27          A petitioner satisfies the exhaustion requirement by providing the highest state court with

28   a full and fair opportunity to consider all claims before presenting them to the federal court.

1

1  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.),

2  cert. denied, 478 U.S. 1021 (1986).  A state court has had an opportunity to rule on the merits of a

3  claim when the petitioner has fairly presented that claim to that court.  The fair presentation

4  requirement is met where the petitioner has described the operative facts and legal theory on

5  which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the

6  facts necessary to support the federal claim were before the state courts . . . or that a somewhat

7  similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United
> States Constitution.  If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

13  Duncan v. Henry, 513 U.S. 364, 365 (1995).

14         Petitioner has not specified the procedure he wishes to use in staying this action and

15  exhausting the unexhausted claim.[1]

16         In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005) the United States Supreme

17  Court found that a stay and abeyance of a mixed federal petition should be available only in the

18  limited circumstance that good cause is shown for a failure to have first exhausted the claims in

19  state court, that the claim or claims at issue potentially have merit and that there has been no

20  indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, supra,

21  at 277-78, 125 S. Ct at 1535.

22         Petitioner is informed that if he seeks a Rhines stay, he will have to file an amended

23  petition which contains all his claims, including the additional unexhausted claim, as the Rhines

24  factors include some reflection on the merits of the unexhausted claim.  Petitioner will also need

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  to file a renewed motion to stay under Rhines, which sets forth good cause for failure to have first

2  exhausted all claims, that his claims potentially have merit, and that he has not been intentionally

3  dilatory.

4        In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan,

5  564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  In King, the

6  Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also

7  have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure

8  approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v.

9  Small, 315 F.3d 1063 (9th Cir. 2003).  Pursuant to the King procedure, (1) a petitioner amends his

10  petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended,

11  fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to

12  exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the

13  newly-exhausted claims to the original petition.  Kelly, 315 F.3d at 1070-71.  The King stay-and-

14  abeyance procedure has no requirement of a good cause showing or that the claims are potentially

15  meritorious.  However, no statute of limitations protection is imparted by such stay, nor are

16  exhausted claims adjudicated during the pendency of such a stay.

17        If petitioner chooses to proceed with the King procedure, the petition currently on file is

18  satisfactory; however, he will need to file a motion to stay, and specify that it is pursuant to King

19  and Kelly.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  Petitioner's motion for stay and abeyance, filed October 1, 2014, (ECF No. 7), is

22  denied without prejudice to its refiling as set forth herein.

23        2.  Within twenty-one (21) days of this order, petitioner shall file either: (a) an amended

24  petition containing both exhausted and unexhausted claims, along with a motion to stay under

25  Rhines, setting forth good cause and other requirements; **or** (b) a motion to stay under Kelly.

26  Petitioner is cautioned that failure to respond to the instant order will result in the case proceeding

27  on the current exhausted petition.

28  /////

3.  Within fourteen (14) days of the filing of any motion to stay, respondent shall file a response to petitioner's motion to stay.  Until the stay issue is adjudicated, and further order of the court, respondent need not make any response on the merits as previously ordered.

4.  The Clerk of the Court shall serve a copy of this order on Michael Patrick Farrell, Senior Assistant Attorney General.

Dated: October 20, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Pres1991.sta